**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NADEEM SHAHZAD, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.: 5:25-cv-06112-JMG |
| | : | |
| CITY OF ALLENTOWN, *et al.* | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                              **June 29, 2026**

### I.    OVERVIEW

Plaintiff Shahzad ("Plaintiff") alleges that Defendants City of Allentown and Mayor
Matthew Tuerk (collectively, "Defendants") violated his rights under Title VII of the Civil Rights
Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. §
1981, and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff's claims arise from the
termination of his employment as the City of Allentown's Director of Human Resources and
Defendants' alleged retaliation and discrimination based upon his religion and age. Defendants
move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).
For the reasons set forth below, Defendants' Motion is **GRANTED**.

### II.    BACKGROUND[1]

This action arises from Plaintiff's allegations that Defendants unlawfully retaliated against
him and discriminated against him based on his religion and age during his employment with the
City of Allentown (the "City"). Plaintiff served as the City's Director of Human Resources until

---

[1] The Court accepts Plaintiff's factual allegations as true, as we must at this early stage.

the termination of his employment in August 2023. ECF No. 9 ¶¶ 13, 15. Plaintiff alleges that he was appointed by Mayor Matthew Tuerk ("Mayor Tuerk") and reported directly to the Mayor throughout his employment. *Id.* ¶¶ 1, 14.

According to the Amended Complaint, prior to Plaintiff's termination, Mayor Tuerk sought to terminate another City employee who had previously filed discrimination complaints against the City. *Id.* ¶¶ 30–31. Plaintiff alleges that he opposed the proposed termination and refused to participate in the employee's dismissal. *Id.* Plaintiff contends that, as a result of his opposition, Defendants retaliated against him and ultimately terminated his employment. *Id.* ¶ 31.

Plaintiff further alleges that Mayor Tuerk referred to him as a "Muslim old man" on multiple occasions during his employment with the City. *Id.* ¶¶ 32–34. Plaintiff asserts that these comments demonstrate discriminatory animus based upon his religion and age and were indicative of Defendants' motivations in terminating his employment. *Id.*

On October 27, 2025, Plaintiff commenced this action by filing a Complaint in this Court. ECF No. 1. Thereafter, Plaintiff filed the operative Amended Complaint asserting claims for: (1) retaliation in violation of Title VII; (2) retaliation in violation of the PHRA; (3) discrimination in violation of 42 U.S.C. § 1981; (4) religious discrimination in violation of Title VII; (5) religious discrimination in violation of the PHRA; (6) age discrimination in violation of the ADEA; and (7) age discrimination in violation of the PHRA. *See generally* ECF No. 9.

Defendants subsequently filed the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 14. Defendants argue that Plaintiff is exempt from coverage under Title VII and the ADEA because he served as a policymaking appointee, that Plaintiff failed to engage in protected activity sufficient to support his retaliation claims, and that Plaintiff has otherwise failed to plausibly allege discrimination or retaliation under federal or state law. *Id.*

Defendants further contend that Plaintiff's § 1981 claim fails because the Amended Complaint alleges discrimination based upon religion and age rather than race. *Id.*

Plaintiff filed a response in opposition to Defendants' Motion, arguing that he did not occupy a policymaking position and that the Amended Complaint sufficiently alleges retaliation and discrimination to survive dismissal. ECF No. 17. Defendants thereafter filed a reply memorandum in further support of their Motion. ECF No. 22. Plaintiff then filed a Surreply opposing Defendants Motion. ECF No. 24.

## III.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

## IV.    ANALYSIS

### A. Plaintiff's Title VII and ADEA Claims Fail Because Plaintiff Was a Policymaking Appointee

3

Title VII and the ADEA exclude from their definition of "employee" individuals appointed by elected officials to serve in policymaking positions. *See* 42 U.S.C. § 2000e(f); 29 U.S.C. § 630(f). Courts evaluating whether a position falls within the exemption consider, among other things, the employee's duties, level of discretion, relationship to the elected official, and role in developing or implementing policy. *Clews v. Cnty. of Schuylkill*, 12 F.4th 353, 361 (3d Cir. 2021) (listing the factors to consider as "(1) whether promotion of the employee [is] solely up to the [elected official]; (2) whether the employee occup[ies] a position high in the chain of command; (3) whether the employee ha[s] a highly intimate working relationship with the [elected official]; (4) whether the employee contribute[s] to the making of policy decisions in the [elected official's] department; (5) whether the employee's position was created and compensated by the county pursuant to state law; (6) what the full scope of the employee's duties was; (7) whether the employee worked in the official's political campaign; and (8) whether the employee worked under the direction of the official or someone else.") (citations omitted).

According to the Amended Complaint, Plaintiff served as the City's Director of Human Resources, was appointed by the Mayor, and reported directly to the Mayor. ECF No. 9 ¶¶ 13–14. Plaintiff's position involved oversight of personnel matters and administration of the City's human resources functions. ECF No. 14-3 ¶ 3. Although Plaintiff characterizes his role as primarily administrative, the Court is not required to accept Plaintiff's characterization where the factual allegations and public records concerning the position demonstrate otherwise. *Sourovelis v. City of Phila.*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017) ("While Plaintiffs' well-pleaded allegations must be accepted as true for purposes of [resolving a motion to dismiss under Rule 12(b)(6)], the Court need not accept as true allegations that are directly contradicted by ... matters of public record."). The Court concludes that Plaintiff occupied a policymaking position within the meaning

4

of Title VII and the ADEA. Because Plaintiff falls within the statutory exemption, he is not an "employee" entitled to the protections of those statutes. Accordingly, Plaintiff's Title VII retaliation claim (Count I), Title VII religious discrimination claim (Count IV), and ADEA claim (Count VI) must be dismissed.

Moreover, amendment would be futile. The deficiency arises from the nature of Plaintiff's position, not from a failure to plead additional facts. No amendment could alter the fact that Plaintiff served as the City's Director of Human Resources. Therefore, Counts I, IV, and VI will be dismissed with prejudice.

### B.  Plaintiff Fails to State a Claim Under 42 U.S.C. § 1981

"[D]iscrimination against classes of persons based on ancestry or ethnicity is race discrimination forbidden by Section 1981." *Nadie v. Greenwood Gaming & Ent., Inc.*, No. 25-CV-1184, 2025 WL 1139272, at *2 (E.D. Pa. Apr. 17, 2025) (citing *Verma v. Univ. of Pa.*, 533 F. App'x 115, 118 n.4 (3d Cir. 2013)). It does not provide a cause of action for discrimination based solely on national origin, religion, sex, or gender. *See Vu v. Kott*, No. 5:23-CV-03336-JMG, 2024 WL 2802849, at *3 (E.D. Pa. May 31, 2024).

The Amended Complaint alleges that Mayor Tuerk referred to Plaintiff as a "Muslim old man." ECF No. 9 ¶ 33. Plaintiff relies on these allegations to support his discrimination claims. However, the Amended Complaint contains no allegations that Plaintiff was discriminated against because of his race, ancestry, or ethnic characteristics. Because Plaintiff's allegations concern religion and age rather than race-based discrimination, Plaintiff fails to state a claim under § 1981.

Furthermore, amendment would be futile. The conduct alleged does not fall within the scope of § 1981, and additional factual allegations would not cure that legal defect. Accordingly, Count III will be dismissed with prejudice.

5

### C. This Court Declines to Exercise Jurisdiction Over the Remaining State Law Claims (Counts II, V, and VII)

This Court initially had jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), which provides supplemental jurisdiction over state law claims "within such original jurisdiction that they form part of the same case of controversy." After dismissing Counts I, II, III, and V, the only claims that remain are the state law claims against Defendants which allege Count II (Retaliation in Violation Of the PHRA), Count V (Religious Discrimination in Violation of the PHRA), and Count VII (Age Discrimination in Violation of the PHRA). At this point, as the federal claims have been dismissed, this Court exercises its discretion and declines to exercise supplemental jurisdiction over the state law claims, as there is no affirmative justification to do otherwise. *See* 28 U.S.C. § 1367(c) ("district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."); *see also Stone v. Martin*, 720 F. App'x 132, 135 (3d Cir. 2017) (directing that district courts "must decline to exercise supplemental jurisdiction in such circumstances unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (citation omitted).

### V.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 14) is granted. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

6