**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NADEEM SHAHZAD, Plaintiff, | : | |
| v. | : | Civil No.: 5:25-cv-06112-JMG |
| CITY OF ALLENTOWN, *et al.* Defendants. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.** **September 10, 2026**

## I. OVERVIEW

Plaintiff Nadeem Shahzad ("Plaintiff") moves for reconsideration of the Court's June 25, 2026 Order and June 29, 2026 Amended Memorandum Opinion dismissing his Amended Complaint. Plaintiff argues that the Court committed three errors: (1) by relying on Mayor Matthew Tuerk's affidavit to conclude that Plaintiff was a policymaking employee exempt from the protections of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"); (2) by analyzing Plaintiff's claim under 42 U.S.C. § 1981 as a discrimination claim rather than a retaliation claim; and (3) by declining to exercise supplemental jurisdiction over Plaintiff's remaining Pennsylvania Human Relations Act ("PHRA") claims despite Plaintiff's allegation that diversity jurisdiction existed under 28 U.S.C. § 1332.

For the reasons set forth below, Plaintiff's Motion is **GRANTED** in part and **DENIED** in part. Plaintiff has not demonstrated that the Court committed clear error in dismissing his federal claims under Title VII, the ADEA, or § 1981. The Court agrees, however, that it overlooked

Plaintiff's allegation of diversity jurisdiction under 28 U.S.C. § 1332. Reconsideration is therefore warranted solely to correct that jurisdictional oversight. Upon concluding that diversity jurisdiction exists, the Court nevertheless determines that Plaintiff's remaining PHRA claims fail to state a claim upon which relief can be granted. Accordingly, although the Court has subject matter jurisdiction over those claims, dismissal remains appropriate.

## II. BACKGROUND

Plaintiff commenced this action on October 27, 2025, by filing a Complaint against Defendants City of Allentown and Mayor Matthew Tuerk ("Mayor Tuerk") (collectively, the "Defendants"). ECF No. 1. Plaintiff thereafter filed the operative Amended Complaint asserting claims for: (1) retaliation in violation of Title VII; (2) retaliation in violation of the PHRA; (3) retaliation in violation of 42 U.S.C. § 1981, asserted through 42 U.S.C. § 1983; (4) religious discrimination in violation of Title VII; (5) religious discrimination in violation of the PHRA; (6) age discrimination in violation of the ADEA; and (7) age discrimination in violation of the PHRA. ECF No. 9.

The Amended Complaint alleges that Plaintiff served as the City of Allentown's Director of Human Resources until his employment was terminated in August 2023. ECF No. 9 ¶¶ 13, 15. Plaintiff alleges that he was appointed by Mayor Tuerk, reported directly to the Mayor throughout his employment, and was terminated after refusing to participate in the dismissal of another City employee who had previously engaged in protected activity. *Id.* ¶¶ 14, 30–31. Plaintiff further alleges that Mayor Tuerk referred to him as a "Muslim old man" on multiple occasions and contends that those comments reflect unlawful discrimination based on his religion and age. *Id.* ¶¶ 32–34.

On March 2, 2026, Defendants moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 14. Defendants argued, among other things, that Plaintiff was exempt from the protections of Title VII and the ADEA because he occupied a policymaking position; that Plaintiff failed to plausibly allege protected activity sufficient to support his retaliation claims; that Plaintiff failed to state plausible discrimination claims under Title VII, the ADEA, and the PHRA; and that Plaintiff's § 1981 claim failed because the Amended Complaint alleged discrimination based on religion and age rather than race. Plaintiff opposed the Motion, Defendants filed a reply, and Plaintiff filed a surreply. ECF Nos. 17, 22, 24.

On June 25, 2026, the Court granted Defendants' Motion to Dismiss and entered judgment in Defendants' favor. ECF No. 26. The following day, the Court issued a Memorandum Opinion explaining its decision. ECF No. 25. On June 29, 2026, the Court issued an Amended Memorandum Opinion correcting an inconsistency between the Opinion and the accompanying Order and, after dismissing Plaintiff's federal claims, declined to exercise supplemental jurisdiction over Plaintiff's remaining PHRA claims. ECF No. 25-1.

Plaintiff subsequently filed the instant Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 27. Plaintiff contends that the Court improperly considered Mayor Tuerk's affidavit in determining that Plaintiff occupied a policymaking position, mistakenly analyzed Plaintiff's § 1981 retaliation claim as a discrimination claim, and erred in declining to exercise jurisdiction over the remaining PHRA claims because the Amended Complaint independently invoked diversity jurisdiction under 28 U.S.C. § 1332. Defendants oppose the Motion. ECF No. 28.

## III. LEGAL STANDARD

A motion for reconsideration is an extraordinary remedy and may be granted only where the moving party demonstrates: "(1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Plaintiff relies solely on the third ground. Upon review, the Court concludes that reconsideration is warranted only to correct its erroneous disposition of Plaintiff's remaining PHRA claims. Plaintiff has not demonstrated clear error with respect to the dismissal of his federal claims.

## IV. ANALYSIS

### A. Plaintiff Has Not Demonstrated Clear Error Regarding the Dismissal of His Title VII and ADEA Claims. (Count I, IV, VI)

Plaintiff first argues that the Court improperly considered Mayor Tuerk's affidavit in determining that Plaintiff occupied a policymaking position exempt from the protections of Title VII and the ADEA. Even assuming arguendo that the affidavit should not have been considered at the Rule 12(b)(6) stage, reconsideration is unwarranted because the Court's conclusion did not solely depend upon that affidavit. Accordingly, any error in considering the affidavit was harmless because the Court would reach the same conclusion based solely on materials properly considered on a Rule 12(b)(6) motion.

Rather, the Court's determination rested principally upon Plaintiff's own allegations and matters of public record properly considered on a motion to dismiss. Plaintiff alleged that he served as the City's Director of Human Resources and reported directly to the Mayor. ECF No. 9 ¶¶ 13–14. In addition, the City's Home Rule Charter and Administrative Code, which are public records subject to judicial notice, establish that the Director of Human Resources is appointed by the

Mayor and is responsible for directing, organizing, and supervising the Department of Human Resources and its employees. *See* Allentown, Pa., Home Rule Charter § 605 (finding that "[the] director of the Department of Human Resources ***shall be appointed by the Mayor***") (emphasis added); *see also* Allentown Code § 5-2(A)(1)-(5). Those public enactments demonstrate that Plaintiff occupied a position involving significant discretion, policymaking responsibilities, and a close working relationship with the City's chief elected official.

Applying the factors identified by the Third Circuit in *Clews v. County of Schuylkill*, the Court properly concluded that Plaintiff occupied a policymaking position within the meaning of Title VII and the ADEA. 12 F.4th 353 (3d Cir. 2021) (listing the factors to consider as "(1) whether promotion of the employee [is] solely up to the [elected official]; (2) whether the employee occup[ies] a position high in the chain of command; (3) whether the employee ha[s] a highly intimate working relationship with the [elected official]; (4) whether the employee contribute[s] to the making of policy decisions in the [elected official's] department; (5) whether the employee's position was created and compensated by the county pursuant to state law; (6) what the full scope of the employee's duties was; (7) whether the employee worked in the official's political campaign; and (8) whether the employee worked under the direction of the official or someone else.") (citations omitted).

Although Plaintiff characterizes his duties as merely administrative, the Court is not required to accept a characterization contradicted by the complaint itself and matters of public record. Accordingly, even without reference to Mayor Tuerk's affidavit, Plaintiff falls within the statutory exemption for policymaking appointees and is not an "employee" entitled to the protections of Title VII or the ADEA. Plaintiff therefore has not demonstrated that any alleged error regarding the affidavit affected the Court's analysis or warrants reconsideration.

**B. Plaintiff Has Not Demonstrated Clear Error Regarding the Dismissal of His § 1981 Claim. (Count III)**

Plaintiff next argues that the Court mistakenly analyzed Count III as a discrimination claim rather than a retaliation claim. Plaintiff is correct that Count III is pleaded as a retaliation claim under § 1981. The Court therefore clarifies its prior analysis and applies the proper retaliation framework. As explained below, however, that clarification does not alter the outcome.

To state a retaliation claim under § 1981, Plaintiff was required to plausibly allege that he engaged in protected activity by opposing conduct that he reasonably and in good faith believed constituted race discrimination prohibited by § 1981. *See Castleberry v. STI Grp.*, 863 F.3d 259, 267 (3d Cir. 2017) (stating that "[i]n a retaliation case a plaintiff must demonstrate that there had been an underlying section 1981 violation."). The Amended Complaint contains no such allegations. Rather, Plaintiff alleges only that he disagreed with Mayor Tuerk's decision to terminate another employee and objected to participating in that personnel decision. ECF No. 9 ¶¶ 25–30. Plaintiff does not allege that he opposed unlawful discrimination or any conduct prohibited by § 1981. *See Edwards v. JBS Souderton, Inc.*, No. CV 23-1789, 2025 WL 1888204, at *7 (E.D. Pa. July 8, 2025) ("General complaints of unfair treatment do not constitute protected activity . . . ."). Accordingly, he has not plausibly alleged that he engaged in protected activity.

Likewise, as the Court previously stated, to the extent Plaintiff relies upon Mayor Tuerk's alleged references to him as a "Muslim old man," those allegations concern religion and age, not race or ancestry, and therefore do not independently support a claim under § 1981. ECF No. 25 at 5. Accordingly, although the Court clarifies that Count III is properly understood as asserting a retaliation claim, Plaintiff has failed to demonstrate that this clarification alters the Court's analysis or the ultimate disposition of the claim. The challenged reasoning leads to the same result, and

Plaintiff has therefore failed to demonstrate clear error. Reconsideration is therefore unwarranted as to Count III.

**C. The Court Will Grant Reconsideration Only to Correct Its Jurisdictional Error.**

Plaintiff's final argument, however, has merit. In its Amended Memorandum Opinion, the Court declined to exercise supplemental jurisdiction over Plaintiff's remaining PHRA claims after dismissing the federal causes of action. Upon further review, the Court overlooked that Plaintiff independently alleged diversity jurisdiction in the Amended Complaint. Specifically, Plaintiff alleges that he is a citizen of New Jersey, Defendants are citizens of Pennsylvania, and the amount in controversy exceeds $75,000. ECF No. 9 ¶¶ 3–4, 9. Accepting those jurisdictional allegations as true at this stage, the Court possesses an independent basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Accordingly, the Court erred in concluding that dismissal of Plaintiff's federal claims eliminated its authority to adjudicate the remaining PHRA claims. Because diversity jurisdiction exists independent of supplemental jurisdiction, the Court will grant reconsideration solely to correct that jurisdictional error. The Court's dismissal of Counts I, III, IV, and VI remains unchanged. The Court now addresses the remaining PHRA claims on their merits.

**i. Plaintiff Fails to State a Retaliation Claim (Count II)**

Plaintiff's PHRA retaliation claim fails for the same reason as his federal retaliation claims.[1] To state a retaliation claim under Title VII or the PHRA, a plaintiff must plausibly allege that he engaged in protected activity, suffered an adverse employment action, and that a causal

[1] "Title VII and PHRA claims are subject to the same analysis." *Johnson v. York Acad. Reg'l Charter Sch.*, No. 1:23-CV-00017, 2023 WL 6448843, at *5 n.1 (M.D. Pa. Oct. 3, 2023) (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)).

connection exists between the two. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789–90 (3d Cir. 2016).

Here, Plaintiff alleges that he refused to terminate another employee because that employee had previously filed discrimination complaints. ECF No. 9 ¶¶ 25–26. Plaintiff, however, does not allege that he complained of discrimination, opposed conduct that he believed violated Title VII or the PHRA, reported discriminatory practices, filed or assisted with a PHRA charge, or otherwise engaged in protected activity. *See generally* ECF No. 9. Rather, the allegations establish only that Plaintiff disagreed with Mayor Tuerk's decision to terminate another employee and refused to carry out that personnel decision. Such allegations, without more, do not plausibly suggest that Plaintiff opposed discrimination prohibited by the PHRA and therefore do not constitute protected activity under the statute. Accordingly, Plaintiff has failed to plead the first element of a PHRA retaliation claim.

Because it is conceivable that Plaintiff could allege additional facts demonstrating that he engaged in protected activity, the Court cannot conclude that amendment would necessarily be futile. Count II will therefore be dismissed without prejudice.

#### ii. Plaintiff Fails to Plausibly Allege Religious Discrimination Under The PHRA (Count V)

To state a prima facie case of religious discrimination under Title VII, a plaintiff must first demonstrate that she was terminated under circumstances giving rise to an inference of discrimination. *See Pelphrey-Weigand v. Res. for Hum. Dev., Inc.*, 818 F. Supp. 3d 685, 702 (E.D. Pa. 2026).

Plaintiff's religious discrimination claim fails. Plaintiff principally relies on allegations that Mayor Tuerk referred to him as a "Muslim old man." ECF No. 9 ¶ 33. While such comments may be inappropriate, the Amended Complaint contains no factual allegations connecting those

remarks to Plaintiff's termination. Plaintiff does not identify similarly situated employees outside his protected class who were treated more favorably, allege discriminatory policies or practices, or otherwise plead facts supporting an inference that his religion was the reason for his termination. *See e.g., Golod v. Bank of Am. Corp.,* 403 F. App'x 699, 703 (3d Cir. 2010) (explaining that conclusory allegations of discrimination were insufficient where the plaintiff failed to allege facts regarding similarly situated individuals who received favorable treatment or any causal connection between her protected status and the adverse employment action). Nor does Plaintiff allege facts demonstrating that the individuals responsible for his termination acted because of his religion, as opposed to some other reason. Without additional factual allegations linking the alleged comment to the adverse employment action, Plaintiff's claims amount to speculation rather than a plausible inference of discriminatory intent. Accordingly, Plaintiff fails to state a claim for religious discrimination.

Because Plaintiff may be able to allege additional facts supporting a plausible inference of discriminatory motive, the Court cannot conclude that amendment would be futile. Count V will therefore be dismissed without prejudice.

**iii. Plaintiff Fails to Plausibly Allege Age Discrimination Under the PHRA (Count VII)**

The ADEA prohibits employers from discriminating against employees who are at least forty years old because of their age. 29 U.S.C. § 623(a)(1). A claim of age discrimination under the ADEA survives a Rule 12(b)(6) motion to dismiss if the plaintiff "make[s] factual allegations that, if true, would either (1) establish [his] prima facie case […] or (2) show that age was the 'but-for' cause of the challenged adverse employment action." *Sorgini v. Wissahickon Sch. Dist.*, 274 F. Supp. 3d 291, 297 (E.D. Pa. 2017) (citing *Johnson v. Del. Cnty. Juv. Det. Ctr.*, No. 11-CV-1166, 2012 WL 895507, at *7 (E.D. Pa. Mar. 6, 2012)).

To establish a prima facie case under the ADEA, a plaintiff must show: (1) he is forty years of age or older; (2) the defendant took an adverse employment action; (3) he was qualified for the position; and (4) the circumstances of the adverse action give rise to an inference of unlawful discrimination. *See Giuliani v. Polysciences, Inc.*, 275 F. Supp. 3d 564, 575 (E.D. Pa. 2017). As the Third Circuit has articulated, the key inquiry is whether the adverse action was taken because of the plaintiff's age. *See Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021). The fourth element may be satisfied by showing that the plaintiff was replaced by a substantially younger employee or by alleging facts that, if unexplained, are more likely than not based on impermissible factors. *Gardner v. Ulta Salon Cosms. & Fragrance Inc.*, No. 22-2785, 2024 WL 1110384, at *1 (3d Cir. Mar. 14, 2024); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009).

Plaintiff alleges that he was seventy-nine years old at the time of the alleged misconduct and that Mayor Tuerk referred to him as an "old man." ECF No. 9 ¶¶ 12, 33. Beyond those allegations, however, the Amended Complaint contains no facts supporting an inference that age motivated Plaintiff's termination. Plaintiff does not identify younger comparators, allege that he was replaced by a substantially younger individual, or plead facts suggesting that age played any role in Defendants' decision-making process. *See Gardner*, 2024 WL 1110384, at *1 (noting that a plaintiff may satisfy the fourth element by alleging replacement by a substantially younger employee); *Martinez*, 986 F.3d at 266 (explaining that the relevant inquiry is whether the adverse employment action occurred because of the plaintiff's age); *Fowler*, 578 F.3d at 213 (requiring sufficient factual matter to render a claim plausible). Consequently, Plaintiff has failed to state a plausible age discrimination claim.

To the extent Plaintiff asserts a PHRA age discrimination claim, the Court cannot conclude that amendment would necessarily be futile. Accordingly, Count VII will be dismissed without prejudice.

## V. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Motion for Reconsideration solely to correct the Court's prior jurisdictional error concerning Plaintiff's remaining PHRA claims. In all other respects, Plaintiff has failed to demonstrate a clear error of law warranting reconsideration under Rule 59(e). Plaintiff has not demonstrated clear error with respect to the dismissal of his Title VII, ADEA, or § 1981 claims. Although the Court clarifies that Count III was properly analyzed as a retaliation claim and that Counts II, V, and VII are dismissed without prejudice, the Court's prior disposition of Counts I, III, IV, and VI remains unchanged. Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 27) is granted in part and denied in part. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge